**[J-51-2018]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 720 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated |
| | : | 12/8/2015 in the Court of Common |
| | : | Pleas, Cumberland County, Criminal |
| v. | : | Division at No. CP-21-CR-0001183- |
| | : | 1996. |
| | : | |
| ANTYANE ROBINSON, | : | SUBMITTED:  June 11, 2018 |
| | : | |
| Appellant | : | |

## OPINION IN SUPPORT OF AFFIRMANCE

**JUSTICE MUNDY**                                        **DECIDED:  December 14, 2018**

Consistent with my Opinion in Support of Affirmance (OISA) in *Commonwealth v. Blakeney*, 193 A.3d 350 (Pa. 2018), I join Justice Dougherty's OISA in all respects, except to the extent he relies on *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017).  In *Chmiel*, the defendant attempted to invoke the newly-discovered fact exception to the PCRA time-bar based on a newspaper article in which the Federal Bureau of Investigation acknowledged that its experts had provided flawed hair microscopy testimony at trials for many years.  *Chmiel*, 173 A.3d at 622.  The Majority in *Chmiel* concluded the time-bar exception applied, even though it was undisputed that the FBI did not have any direct or indirect involvement with his case.  I continue to believe *Chmiel* was incorrectly decided. *See generally id.* at 631-33 (Mundy, J., dissenting).

Nevertheless, *Chmiel* is distinguishable from this case.  Robinson's assertions of judicial bias do not relate to his case as "the referenced email traffic relates to a time period beginning over a decade after appellant's trial and several years after his 2005

initial PCRA case concluded; appellant's case is not referenced in the emails; and the content does not reflect any invidious discrimination or bias in any court case." OISA of Dougherty, J. at 1-2 (quoting Commonwealth's Brief at 16-17) (internal quotation marks and brackets omitted). Such alleged instances of judicial bias cannot be material facts upon which Robinson's underlying claim for relief is "predicated." 42 Pa.C.S. § 9545(b)(1)(ii). As a result, I conclude that like the FBI forensic analysis in *Chmiel*, Robinson's allegations cannot satisfy the time-bar exception, "because the purported newly-discovered facts do not affect his case." *Chmiel*, 173 A.3d at 633 n.2 (Mundy, J., dissenting); *Blakeney*, 193 A.3d at 370 (Mundy, J., OISA). Accordingly, I would affirm the order of the PCRA court.